EL PUEBLO, DEMANDANTE Y APELADO, *v.* VIADER, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de perjurio.

No. 949.—Resuelto en abril 25, 1916.

PERJURIO—APRECIACIÓN DE LAS PRUEBAS—CONFLICTO DE PRUEBA.—En este caso la prueba del Fiscal tendía a demostrar que Bernardino González Goyena residía en San Juan, y la de la defensa que residía en Carolina. El jurado dirimió el conflicto en contra del acusado. *Se resolvió:* Que en ausencia de una demostración cumplida de que el jurado actuara movido por pasión prejuicio o parcialidad, o de que cometiera algún error manifiesto, su decisión debía prevalecer.

NUEVO JUICIO—DESCUBRIMIENTO DE NUEVAS PRUEBAS—ACTIVIDAD DE LA PARTE.— El acusado que solicita la concesión de un nuevo juicio fundado en el descubrimiento de nuevas pruebas, no sólo ha de presentar declaraciones juradas que acrediten cuáles fueron dichas pruebas, sino que debe expresar también bajo juramento que no le fué posible presentar tales pruebas en el juicio, aduciendo las razones que le impidieron hacerlo así, y expresando las diligencias que practicara para obtenerlas antes del juicio, a fin de que el tribunal pueda apreciar si desplegó la mayor actividad posible para el descubrimiento de dichas pruebas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de J. Tizol.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan, formuló acusación contra José Narciso Viader, imputándole un delito de perjurio cometido así:

"El citado José Narciso Viader, allá el día 16 de julio de 1914, en San Juan, que forma parte del distrito judicial del mismo nombre, y en los días fijados para hacer las recusaciones de los electores que podían tomar parte en las elecciones generales que deben celebrarse el día 3 de noviembre de 1914, en la Isla de Puerto Rico, ilegal, voluntaria y maliciosamente y con la intención de privar de su voto al elector capacitado Bernardino González Goyena, compareció ante el Notario Público de Puerto Rico, Roberto H. Todd, el que en su carácter de notario público estaba autorizado para tomar juramentos y entonces y allí y a sabiendas de que juraba una falsedad, después de haber jurado decir la verdad, toda la verdad y nada más que la verdad, afirmó, constándole su falsedad y siendo un hecho esencial, que Bernardino González Goyena, el que aparecía inscrito en la lista de electores capacitados, inscritos en julio de 1914, como vecino del barrio de Santurce, con la edad de 53 años, de color trigueño, no tenía residencia, no era vecino de la municipalidad de San Juan, solicitando su eliminación de las listas; siendo la verdad que es vecino de Santurce, dentro de la municipalidad de San Juan."

El acusado hizo la alegación de no culpable y solicitó juicio por jurado. Celebrada la vista, fué declarado culpable. Solicitó nuevo juicio basándose en el descubrimiento de nuevas pruebas y su solicitud fué desestimada. La corte lo condenó a sufrir la pena de un año de presidio y apeló entonces para ante esta Corte Suprema de la sentencia y de la resolución denegatoria del nuevo juicio.

El apelante no ha presentado alegato escrito alguno en apoyo del recurso, pero estuvo representado en el acto de la vista del mismo por su abogado.

Después de un estudio cuidadoso de los autos, opinamos que debe confirmarse la sentencia apelada.

La acusación es correcta. Contiene todos los requisitos esenciales que la ley y la jurisprudencia exigen para que se entienda cometido un delito de perjurio. Las instrucciones son sencillas y claras y no consta que fueran excepcionadas.

La prueba resultó contradictoria. La del Fiscal tendió a demostrar que Bernardino González Goyena residía en San Juan, la de la defensa que residía en Carolina. El jurado dirimió el conflicto en contra del acusado y en ausencia de una demostración cumplida de que actuara movido por pasión, préjuicio o parcialidad, o de que cometiera algún error manifiesto, su decisión como tantas veces hemos dicho debe prevalecer. Las nuevas declaraciones ofrecidas tendían a probar que el elector residía en Carolina porque era un vendedor ambulante a quien constantemente veían en dicho pueblo. Dicha prueba era en cierto modo acumulativa y además y sobre todo no se demostró la diligencia del acusado para descubrirla con anterioridad al juicio y ya esta corte ha resuelto en repetidos casos, siguiendo la jurisprudencia claramente establecida por los tribunales del Continente, que ''el acusado que solicite la concesión de un nuevo juicio fundado en el descubrimiento de nuevas pruebas, no sólo ha de presentar declaraciones juradas que acrediten cuáles fueron dichas pruebas, sino que debe expresar también bajo juramento que no le fué posible presentar tales pruebas en el juicio, aduciendo las razones que le impidieron hacerlo así, y expresando las diligencias que practicara para obtenerlas antes del juicio, a fin de que el tribunal pueda apreciar si desplegó la mayor actividad posible para el descubrimiento de dichas pruebas.'' *El Pueblo* v. *Milán*, 7 D. P. R. 455. Véanse también los casos de *El Pueblo* v. *Otero*, 11 D. P. R. 343; *El Pueblo* v. *Agrait*, 9 D. P. R. 457; *El Pueblo* v. *Díaz, alias Martillo*, 5 D. P. R. 203, segunda edición, y *El Pueblo* v. *Goitía*, 5 D. P. R. 121, segunda edición.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.